UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Pena (B-69193), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 5863 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| Inmate Simms, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Daniel Pena, a state prisoner in custody at Dixon Correctional Center, alleges Defendant Michalczewski failed to protect him from harm due to an altercation Plaintiff had with fellow detainee Simms while he was in custody at the Cook County Jail on May 28, 2019. Before the Court is Defendant's motion for summary judgment arguing that Plaintiff's failure to protect claim fails based on the evidence in the record, and that Defendant Michalczewski is entitled to qualified immunity. (Dkt. 56), to which Plaintiff has responded (Dkt. 73). Plaintiff also filed his own motion for summary judgment (Dkt. 68). For the reasons stated below, Defendant's motion (Dkt. 56) is granted and Plaintiff's motion for summary judgment (Dkt. 68) is denied.

I. BACKGROUND

A. Northern District of Illinois Local Rule 56.1

Local Rule 56.1 sets out a procedure for presenting facts pertinent to a party's request for summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." *Petty*

*v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a). The opposing party must file a response to each numbered paragraph in the moving party's statement, "including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C). The nonmoving party may also present a separate statement of additional facts "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.*

The district court may limit its analysis of the facts on summary judgment "to evidence that is properly identified and supported in the parties' statements." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *see also Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."). Plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x. 642, 643 (7th Cir. 2011) (unpublished) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules.").

Because Plaintiff is proceeding *pro se*, Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. (Dkt. No. 56-2.) Plaintiff submitted a response in which he contests only certain of Defendant's Statement of Facts. (Dkt. No. 73.) The response only properly disputes Defendant's statements of fact ¶¶ 10 and 31. As to the remaining statements of fact, Plaintiff either admitted them, or failed to cite to the record in support of his attempt to dispute them. The Court will therefore accept Defendants' Statement of Facts, with the exception of statements of fact 10, and 31, to the extent it is supported by the record. *See Cady*, 467 F.3d at 1060 (district court properly rejected Rule 56.1 statement that did not comply with the local rule); *Milton v. Slota*, 697 F. App'x. 462, 464 (7th Cir. 2017) ("the [district] court was entitled to strictly enforce the local rule, even against a pro se litigant, by deeming uncontroverted statements of material fact admitted for the purpose of deciding summary judgment").

Plaintiff also provided citation to the record for his response and attempt to dispute Defendant's Statement of Facts ¶ 8. He cites to his deposition transcript pp. 29-31 to attempt to dispute the fact that Defendant Michalczewski had no prior knowledge of his fear of physical harm at the hands of Inmate Simms. However, that deposition testimony does not properly dispute the statement of fact. Plaintiff continues to assert that he does not know when he made Defendant Michalczewski aware of his fear at the hands of Inmate Simms. However, he did testify during deposition that he made Defendant Michalczewski aware of his fear around 8:30 a.m. on May 28, 2019. (See Dkt. No 57, Ex. A, p. 19.) To the extent Plaintiff asserts he does not know when he told Defendant Michalczewski of his fear, it is insufficient. "Summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901

3

(7th Cir. 2003). Also, to the extent Plaintiff is attempting to contradict prior sworn testimony, the Court will not consider it. *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020).

Plaintiff also submitted his own motion for summary judgment. (Dkt. No. 68.)[1] Defendant treated Plaintiff's motion, in part, as a Statement of Additional Facts and responded to it (Dkt. No. 75), and the Court will do the same for the sake of clarity. However, while the Court liberally construes these submissions, many of the purported factual statements submitted by Plaintiff are irrelevant, argumentative, consist of legal conclusions or conclusory statements, or are not supported by admissible evidence. Likewise, in his responses to what Defendant construed as additional statements of fact (Dkt. 77) he made objections but did not properly cite to the record in his attempts to dispute the proposed additional statements of fact. The Court will entertain factual statements only to the extent they are material, supported by the record, or a party could properly testify about the matters asserted. *See Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013).

The Court therefore will recite the facts in Defendants' Local Rule 56.1(a)(3) statement with the exception of those properly disputed (¶ 8, 10, and 31) and Plaintiff's factual assertions that are properly supported or about which he could testify, and then decide whether, on those facts, Defendants are entitled to summary judgment. With these guidelines in mind, the Court turns to the facts of this case.

---

[1] Plaintiff did not comply with Fed. R. Civ. P. 56 (a) and LR 56.1 (N.D. Ill.) in that he did not prepare a separate statement of facts, complete with citation to the record in support of the proposed undisputed statements of fact. The Court could deny the motion on this basis alone. *See* Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *and see Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). However, the Court will consider any facts contained in Plaintiff's motion for summary judgment that are material and properly supported by the record.

4

B.  **Factual Background**

At the time of the allegations contained in his Amended Complaint, Plaintiff, Daniel J. Pena ("Plaintiff") was a pretrial detainee at the Cook County Jail ("CCJ"). (Doc. 57, Def. SOF, ¶ 1.) Officer Michalczewski was, at all times relevant to this lawsuit, a correctional officer in Division 6 at CCJ. (*Id*. at ¶ 3.)

On October 21, 2018, Plaintiff was booked into CCJ. (*Id*. at ¶ 5.) From May 14, 2019, through May 28, 20 819, Plaintiff was housed in Division 6, Tier 2K of CCJ. (*Id*. at ¶ 6.) Prior to May 28, 2019, Plaintiff never mentioned any issues to Officer Michalczewski about Inmate Simms. (*Id*. at ¶ 7.) Although Plaintiff alleges in his complaint that he first made Officer Michalczewski aware of an issue with Inmate Simms around 8:30 a.m. on May 28, 2019, Plaintiff testified in his deposition that he did not know when he told Officer Michalczewski about Inmate Simms, and that the conversation could have occurred at some point between Plaintiff going down the stairs, and "before [Plaintiff] set foot on the bottom part of that day room" where the microwave was located. (*Id*. at ¶ 8.) Inmate Simms testified that he never threatened bodily harm to Plaintiff prior to May 28, 2019, never had any issues with Plaintiff, did not call Plaintiff derogatory names such as "rapist" or "tree jumper" around 8:13:23 a.m. on May 28, 2019, and was not aware of Plaintiff's charges. (*Id*. at ¶ 10.) However, Plaintiff testified that he had an altercation with Inmate Simms on May 15 or May 16, 2019. (Doc. 57, Ex. A. pp. 29-31.)

On May 28, 2019, Plaintiff was involved in a physical altercation with Inmate Ladarius Simms ("Inmate Simms"). (Doc. 57 at ¶ 11.) Defendant's Exhibit C depicts the incident on May 28, 2019. (*Id*. at ¶ 13.) At 8:13:09.100 a.m., Officer Michalczewski unlocked Plaintiff's cell. (*Id*. at ¶ 14.) At 8:13:11.367 a.m., Plaintiff exited his cell and turned directly away from Officer Michalczewski at 8:13:11.570 a.m. (*Id*. at ¶ 15.) As Plaintiff exited his cell and walked away

from Officer Michalczewski at 8:13:12.770 a.m., the video depicts Officer Michalczewski closing and facing Plaintiff's cell door at 8:13:15.377 a.m. (*Id.* at ¶ 16.) At 8:13:13.577 a.m., Plaintiff continued walking away as Officer Michalczewski faced Plaintiff's cell door. (*Id.* at ¶ 17.) At 8:13:17.907 a.m., Officer Michalczewski was still located by Plaintiff's cell door, as Plaintiff continued to walk away near the flight of stairs. (*Id.* at ¶ 18.)

At 8:13:19.437 a.m., Officer Michalczewski communicated with another inmate who was located by the microwave—but not with Plaintiff, who began walking down the stairs towards the microwave while facing forward at 8:13:21.757 a.m. (*Id.* at ¶ 19.)

Around 8:16:18 a.m., Officer Michalczewski allowed Inmate Simms out of his cell on the upper deck, in which Inmate Simms exited his cell approximately at 8:16.24.190 a.m. (*Id.* at ¶ 20.) At 8:16:51.147 a.m., Inmate Simms walked to the phone area while Plaintiff stood by the microwave, and Officer Michalczewski stationed at the top deck. (*Id.* at ¶ 21.) At 8:18:14.120 a.m., Plaintiff stood near Inmate Simms while Officer Michalczewski remained to his duties located on the top deck. (*Id.* at ¶ 22.) At 8:19:08.077 a.m., Plaintiff walked near Inmate Simms a second time while Officer Michalczewski was still located on the top deck. (*Id.* at ¶ 23.) At 8:19:26.323 a.m., Plaintiff walked away from the phone area, then returned near Inmate Simms a third time at 8:19:37.797 a.m., but Officer Michalczewski still remained to his duties on the top deck. (*Id.* at ¶ 24.)

During both times that Plaintiff walked near Inmate Simms at 8:19 a.m., Inmate Simms did not threaten Plaintiff. (*Id.* at ¶ 25.) At 8:21:45.723 a.m., Officer Michalczewski walked near the phone area where Plaintiff and Inmate Simms were located. (*Id.* at ¶ 26.) At 8:24:50.277 a.m., the video depicts Officer Michalczewski still near the phone area where Plaintiff and Inmate Simms were located, until he walked back to the upper deck around 8:25:00.507 a.m. (*Id.* at ¶ 27.)

Around 8:26:39.533 a.m., the video depicts the initiation of the physical altercation between Plaintiff and Inmate Simms. (*Id.* at ¶ 28.) Around 8:26:54.023 a.m., Officer Michalczewski intervenes to stop the physical altercation between Plaintiff and Inmate Simms and calls for back-up. (*Id.* at ¶ 29.) At approximately 8:26:57.220 a.m., Officer Michalczewski separated Inmate Simms from Plaintiff, while another officer arrived on the tier. (*Id.* at ¶ 30.) Plaintiff admitted in his deposition that Officer Michalczewski did not purposefully allow Inmate Simms to obtain "free shots" or additional punches during the physical altercation. (*Id.* at ¶ 31.)

At 8:27:02.537 a.m., Plaintiff charged towards Inmate Simms after they were separated. (*Id.* at ¶ 32.) At 8:27:03.270 a.m., Plaintiff and Inmate Simms remained separated. (*Id.* at ¶ 33.) Immediately after the incident, Plaintiff received medical treatment. (*Id.* at ¶ 34.)

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court does not weigh the evidence, judge credibility, or determine the truth of the matter, but rather determines only whether a genuine issue of fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). The Court must construe all facts in the light most favorable to the nonmoving party and resolve all doubts in favor of that party. *Id.*

Material facts are determined by the substantive law underlying the claim, and a genuine issue is one that would allow a reasonable factfinder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Disputes about irrelevant or unnecessary facts do not count. *Id.*

Summary judgment is warranted where a party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party bears

the burden of proof at trial. *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The moving party may discharge its burden by demonstrating the absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.

### III. ANALYSIS

#### A. Alleged Failure to Protect

The constitutional rights of pretrial detainees are protected by the Fourteenth Amendment, which means that pretrial detainees are entitled to be free from conditions that amount to punishment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). All types of conditions of confinement claims are decided under an objective reasonableness standard. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). In *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018), the Seventh Circuit cited with approval a Ninth Circuit case, *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), setting forth a four-pronged test for failure to protect claims. This requires the Plaintiff to show: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;" (2) "[t]hose conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the defendant's conduct was objectively unreasonable (*i.e.*, the officer "did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"); and (4) "[b]y not taking such measures, the defendant caused the plaintiff's injuries." *Castro*, 833 F.3d at 1071.

A constitutional violation does not occur every time an inmate is attacked in a correctional facility. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Correctional facilities, "after all, are dangerous places often full of people who have demonstrated aggression." *Id.; see also Riccardo*

*v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004) ("[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more."). Negligence by correctional officials is not enough to establish liability. *See Miranda*, 900 F.3d at 353–54 (detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard") (internal citations omitted).

Plaintiff asserts a failure to protect as to the May 28, 2019, incident with Inmate Simms against Defendant Michalczewski. In order for Defendant Michalczewski to be liable for any failure to protect in regard to the May 28, 2019, incident, Plaintiff must come forth with evidence that a reasonable officer in his shoes would have appreciated a high degree of risk to Plaintiff should he fail to protect Plaintiff from Inmate Simms. *See Castro*, 833 F.3d at 1071 (citing Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

To implicate the Constitution, a correctional official must have enough information to suggest an objectively serious risk to the complaining detainee's safety from another inmate. *Thompson v. Modreno*, No. 18 C 7533, 2020 WL 4819266, at *4 (N.D. Ill. Aug. 17, 2020) (Durkin, J.); *see Rodriguez v. Goins*, No. 9:18-CV-1380, 2020 WL 6150984, at *4 (N.D.N.Y. Aug. 17, 2020) (Stewart, M.J.), *report and recommendation adopted,* No. 9:18-CV-1380, 2020 WL 6146597 (N.D.N.Y. Oct. 20, 2020) ("In order for a corrections officer to be held liable for failing to protect an inmate from another inmate, the corrections officer must have been aware of a 'clear and specific threat' of harm to that inmate.").

9


In this regard, jail officials are generally put on notice of a risk of harm when an inmate articulates a specific threat to his safety. *See Johnson v. Taylor*, No. 18 C 5263, 2020 WL 5891401, at *2 (N.D. Ill. Oct. 5, 2020) (Feinerman, J.) (citing *Gevas v. McLaughlin*, 798 F.3d 475, 480–82 (7th Cir. 2015) ("In failure to protect cases, [a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.")).

The evidence in the record indicates that Defendant Michalczewski did not have sufficient prior information to put him on notice of a danger to Plaintiff at the hands of Inmate Simms. In his deposition, Plaintiff testified that he spoke to Defendant Michalczewski at around 8:30 a.m. on May 28, 2019.[2] Plaintiff then attempted to inoculate this testimony by saying that he did not know when he made Defendant Michalczewski aware of his fear. However, "[s]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson*, 325 F.3d at 901. Additionally, to the extent Plaintiff is attempting to contradict prior sworn testimony, he cannot do so in an attempt to create a material question of fact in order to defeat the motion for summary judgment. *James*, 959 F.3d at 316.

Defendant submitted a digital exhibit depicting the time before, during, and after the altercation between Plaintiff and Inmate Simms that underlies Plaintiff's claim in this case. In it, there is at least thirteen minutes of video footage of Plaintiff and Inmate Simms, sometimes at close proximity to each other, between 8:13 a.m. and 8:26 a.m., prior to the beginning of the altercation between them. There is no sense of heightened anxiety or outward, visible sign that Plaintiff was concerned for his physical safety at the hands of Inmate Simms or any other fellow

---

[2] The altercation between Plaintiff and Inmate Simms occurred, according to the video exhibit attached to the L.R. 56.1 statement as Exhibit C (Dkt. 60), beginning at 8:26 a.m. on May 28, 2019.

detainee. In the video, Plaintiff is near Inmate Simms at 8:16 a.m., 8:18 a.m., 8:19 a.m., and 8:21 a.m., and there is no sign of disturbance or problem between Plaintiff and Inmate Simms. During this time period Defendant Michalczewski is depicted walking around the common area and going about his duties both near Plaintiff and Inmate Simms and on the second tier.

The video evidence in the record indicates that Defendant Michalczewski had no prior knowledge that Plaintiff was in fear for his safety at the hands of Inmate Simms. Thus, no reasonable jury could find in Plaintiff's favor on this claim. *See Scott v. Harris*, 550 U.S. 372, 381 (2007) (holding that where there is video evidence in a case, the court should view the facts in the light depicted by the videotape."); *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016). While Plaintiff asserts that there was a prior incident between him and Inmate Simms on May 15 or 16, 2019, there is no evidence in the record that Defendant Michalczewski was on notice of such an incident, and any such incident was, arguably, too remote in time from the events of May 28, 2019, to establish notice of a fear of imminent physical harm. *See Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (explaining that knowledge of risk can typically be inferred from prisoner complaint that "identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant," as opposed to a complaint that "convey[s] only a generalized, vague, or stale concern about one's safety") (quoting *Gevas*, 798 F.3d at 480–81.)

Nor does the record establish that Defendant Michalczewski's conduct when he intervened to stop the altercation between Plaintiff and Inmate Simms was objectively unreasonable. Plaintiff's deposition testimony is that Defendant Michalczewski did not intentionally allow Inmate Simms to take "free shots" or additional punches during the altercation. Defendant Michalczewski merely intervened, taking hold of Plaintiff first, in his attempt to separate the two combatants. Additionally, the video indicates that this was the appropriate course of action

because Plaintiff, after being separated from Inmate Simms, again attempted to engage with him, aggressively charging toward Inmate Simms at 8:27 a.m.

Plaintiff argues in his response that Defendant Michalczewski did not follow protocol or regulations in his handling of the physical dispute between Plaintiff and Inmate Simms. However, violations of administrative regulations do not give rise to constitutional claims pursuant to Section 1983. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right); *Stringer v. Lane*, 89 C 7030, 1992 U.S. Dist. LEXIS 3112, 1992 WL 59101, at * 8 (N.D. Ill. March 16, 1992) (Alesia, J.) (violation of department rule requiring hearing on disciplinary charge within 8 days is not actionable under Section 1983). According to the video evidence, and Plaintiff's deposition testimony, Defendant Michalczewski did not act in an objectively unreasonably when he separated Plaintiff from Inmate Simms, especially in light of the fact that Plaintiff was, at times during the altercation, acting as the aggressor.

One final argument Plaintiff appears to make in his response materials is that he did not have access to the video evidence when he was preparing his response, or that there was video evidence depicting the aftermath of the altercation between him and Inmate Simms that he does not have access to. To the extent Plaintiff is attempting to assert an argument implicating Fed. R. Civ. P. 56 (d), the Court finds it unpersuasive. First, Plaintiff viewed the video evidence material to this motion. (Dkt 42). Second, the video evidence Plaintiff says is missing is specifically described as depicting Plaintiff "immediately after the incident of May 28, 2019." (Dkt 68, ¶ 24). Because the video footage Plaintiff alleges is missing does not depict the incident itself, it is not material to the Court's decision in resolving the motion.

The Court finds that based on the evidence in the record in this case, no jury could find that Defendant Michalczewski had sufficient information to put him on notice of Plaintiff being in fear of imminent harm at the hands of Inmate Simms, and even if he had been on notice, his response to the altercation was not objectively unreasonable. Thus, the Court grants Defendant's motion for summary judgment and dismisses this case.

IV. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment [56] is granted. Plaintiff's motion for summary judgment [68] is denied. Defendant's motion for additional time in which to submit his response/reply [74] is granted. This case is closed on the Court's docket.[3]

DATE: 8/31/22

Charles R. Norgle
United States District Judge

---

[3] Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. See Evans v. Ill. Dep't of Corr., 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. Ibid. If Plaintiff seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis in this Court stating the issues he intends to present on appeal. See Fed. R. App. P. 24(a)(1).
Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. See Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).